UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Asa Gordon, Pro Se <br> DC Presidential Elector, <br> Chair, DC Statehood Green Party Electoral College Task Force <br> Exe.Dir. Douglass Institute of Government <br> 1667 Webster St. NE <br> Washington, DC 20017 <br> (202) 635-7926 <br><br> **Plaintiff** <br><br> VS. <br><br> Richard B. Cheney, <br> President of the Senate of the United States of America <br> The Vice President <br> The White House <br> Washington, DC 20501 <br> (202) 456-1414 <br> (202) 456-2461 <br><br> **Defendant.** | 08-1294 HHK |

MOTION FOR TEMPORARY RESTRAINING ORDER
PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF LAW

RECEIVED
JUL 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

This motion is being brought by plaintiff:

Robert Asa Gordon, a District of Columbia registered voter, Green Party Presidential Elector Chair, DC Statehood Green Party Electoral College Task Force, Exe.Dir. Douglass Institute of Government and resident of Washington, DC.

## JURISDICTION

Jurisdiction of this court is evoked under the First and Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983, 2 U.S.C. § 6 and pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## INTRODUCTION

1. This is a motion for a temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2. On January 6, 2009 The *certificates of votes* for all of the State's Presidential Elector's will be presented by the Defendant as presiding officer pursuant to 3 USC Chapter 1 §15.

3. The inclusion of the full slate of the certificate of votes of Presidential electors from states in violation of the constitutional will dilute/diminish and in fact negate the votes of non-offending states Presidential electors in the counting of the electoral votes, January 6, 2009.

4. Presidential electors that have met Constitutional muster should not have to compete with the votes of a constitutionally flawed slate of Presidential electors. As presently constituted, several States Presidential electors are in violation of the First and Second Section of the Fourteen Amendment to the Constitution of the United States of America.

5. There is no constitutional provision or federal law requiring electors to vote in accordance with the popular vote in their states. Some states have such requirements (bound states), others do not (unbound states).

6. Presidential Electors with less then the majority vote in the unbound states, i.e. with no "winner take all" statutes will be unilaterally disenfranchised by the Defendant presenting to the congress only the Presidential electors that received the majority vote in the unbound states for the counting of the electoral votes, January 6, 2009.

## FACTUAL BACKGROUND and MEMORANDUM OF LAW IN SUPPORT OF MOTION

## I. Mal-Apportionment Penalty(MAP) based on Fourteenth Amendment "right to vote" Violations based on Race and/or Party Affiliation

Plaintiff aver and request that this court take judicial notice of the following: On Nov. 4th, 2008 State Election Officials of ARKANSAS, GEORGIA, LOUISIANA, TENNESSEE, and TEXAS in the absence of action by this court will deny/or abridge, citizens of the United States in the exercise of their "right to vote ... for the choice of electors for President and Vice-President of the United States" on the basis of race and/or party affiliation in violation of the second section of the Fourteenth Amendment. The plain textual language of the Mal-Apportionment Penalty(MAP) of the Second Section of the Fourteenth Amendment mandates that the offending states presidential elector's be reduced in the proportion that the discriminated class of citizens based on race and/or democratic party affiliation bears to the whole number of the State's citizens.

## II. Mal-Apportionment Penalty(MAP) based on denial and/or Abridgment of Votes For State's "Unbound" Presidential Electors.

Plaintiff aver and request that this court take judicial notice of the following:

1. Enshrined in the Constitution of the United States of America (**Amend. XIV§2**) and the U.S. Code (**2USC §6**) is a *de jure* mandate for the reduction of State representatives "when the right to vote at any election for the choice of electors for President and Vice-President of the United States... is denied to any ... citizens of the United States, or in any way abridged"

2. The plain textual language of Amend. XIV§2 is to assess a MAP on any state that would use any portion of a class of its population for determining the basis of apportionment for representatives in the U.S. Congress wherein any member of that class right to vote at any election named in the amendment to the Constitution, article 14, section 2 has been denied or abridged.

3. There is no "winner take all" federal statute. There is no federal constitutional requirement that a state's presidential electors are only elected if they are pledged to the candidate that receives the majority vote.

4. There are states that do have a specific statute or law that explicitly specifies that the Party candidate that wins the popular vote is a vote in that state for all of the Presidential electors pledged to that candidate. There are States where no such explicit law exist but this practice has been followed just as a matter of blind custom.

5. States with an explicit "Winner Take all Statute" generally forward all of the presidential electors declaring the state electors pledged to the candidate winning the popular vote as that States elected presidential electors for the electoral college.

6. Some states with no "winner take all statute" simply forward to the Federal Register all of the presidential electors for each party candidate with a total of the number of votes cast for those presidential electors, and do not specify the presidential electors elected for that state, simply because there is no "winner take all law".

7. The Office of the Federal Register of the National Archives and Records Administration explicitly declares that there is "No Legal Requirement" and that "Electors in these (Southern) States ARKANSAS, GEORGIA, LOUISIANA, TENNESSEE, and TEXAS are not bound by State Law to cast their vote for a specific candidate".
{ http://www.archives.gov/federal-register/electoral-college/laws.html }

8. The following states: ARKANSAS, GEORGIA, LOUISIANA, TENNESSEE, TEXAS, are unbound electors states that allocate their presidential electors on a "winner take all" basis wherein there is no "winner take all" election statute. These states de-facto disenfranchise the citizen's of the state that vote for presidential electors pledged to the candidate with less then a plurality of the popular vote.

9. The aforementioned States without an explicit "winner take all" election statute are constitutionally mandated by the plain text of the second section of the Fourteenth Amendment to allocate their presidential electors predicated upon the popular split in the popular vote or be subject to the Amendment's MAP reducing the states electoral representatives. There is no federal or state statutory authority in such states for presidential candidates pledged to a minority candidate to be discarded and replaced with presidential electors pledged to the majority vote candidate.

### A. Plaintiff is Entitled to the Entry of a Temporary Restraining Order.

Rule 65 of the Federal Rules of Civil Procedure requires the Court to consider the following four factors: (1) the substantial likelihood that plaintiffs will succeed on the merits; (2) the substantial threat that plaintiff will suffer irreparable injury if the temporary restraining order were not

granted; (3) the threatened injury outweighs the harm a temporary restraining order may cause the defendant; and (4) the grant of a temporary restraining order will not be a disservice the public interest. Levi Strauss & Co. v. Sunrise Int'l Trading, Inc. 51 F.3d 982, 985 (11th Cir. 1995); Nnadi v. Richter, 976 F.2d 682, 690 (11th Cir. 1992); Future Tech Int'l v. Tae Il Media, Ltd., 944 F. Supp. 1538, 1532 (S.D. Fla. 1996). As to the four factors, "no particular quantum of proof is required as to each of the four criteria." Laboratorios Roldan v. Tex Int'l, Inc., 902 F. Supp. 1555, 1565 (S.D. Fla. 1995). The four factors, which also govern the grant of preliminary injunctive relief, favor the issuance of a temporary restraining order in this case.

**B. Plaintiff Will Succeed On the Merits of The Claims.**

1. To issue preliminary injunctive relief, "a district court need not find that the evidence positively guarantees a final verdict" in favor of the movant. Levi Strauss & Co., 51 F.3d at 985. Plaintiff need only demonstrate a likelihood of success on the merits.

2. The right to vote is a "fundamental political right." Yick Wo v. Hopkins 118 U.S. 356, 370 (1886). This right is "denied by a debasement or dilution of the weight of a citizens vote just as effectively as by wholly prohibiting the free exercise of the franchise." Reynolds v. Sims, 377 U.S. 533, 554 (1964). As the Supreme Court in Reynolds noted, "The conception of political equality ... can mean only one thing - one-person, one-vote. The idea that every voter is equal to every other voter in his State, when he casts his ballot in favor of one of several competing candidates, underlies many of our decisions." Id. at 557-58 (internal citations omitted).

3. Voting is a fundamental right that cannot be subject to arbitrary or inconsistent treatment. See, e.g., Harper v. Virginia, 383 U.S. 663 (1966); Reynolds v. Sims, 379 U.S. 870 (1964).

4. It is well-established that even with respect to matters that do not involve fundamental rights, the government cannot engage in arbitrary distinctions among similarly situated citizens. City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985). Moreover, the government cannot deny an individual's liberty or property interests through procedures that operate in a wholly arbitrary fashion. Logan v. Zimmerman Brush Co, 455 U.S. 422 (1982). These principles apply a fortiori to the exercise of a fundamental right such as voting.

**C. The Public Interest Will Be Served by Granting the Requested Relief**

Plaintiff seeks a temporary restraining order to prevent Defendant from taking the first step in a course of action that will lead to a violation of 42 U.S.C. § 1983. The fundamental purpose of Section 1983 is to protect the civil rights of the citizens of the United States. Mitchum v. Foster, 407 U.S. 225, 243 (1972); Owen v. City of Independence, 445 U.S. 622, 636 (1980). Accordingly, the federal courts have been authorized by Congress to effectuate this fundamental purpose by awarding injunctive relief against violations of Section 1983. This Court's grant of a temporary restraining order against Defendant would thus be consistent with and further the public interest in enforcing the federal civil rights laws.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court, pursuant to Rule 65, issue a temporary restraining order or, in the alternative, a preliminary injunction prohibiting the Defendant from counting the full slate of unbounded presidential electors" on Jan. 6th, 2009 in violation of Section 2 of the Fourteenth Amendment to the US Constitution which requires that said States Electors "**be reduced in the proportion**" of the states protected class of voters under the Fourteenth Amendment denied the right "*to vote at any election for the choice of electors for President and Vice-President of the United States.*"

AND

For the foregoing reasons, Plaintiff respectfully request that this Court, pursuant to Rule 65, issue a temporary restraining order or, in the alternative, a preliminary injunction prohibiting the Defendant from presiding over any presumptive unilateral acceptance of the full slate of majority polled "winner take all" presidential electors from states that have no "winner take all" election statute that precludes the counting of the minority polled presidential electors under that states election laws.

**Respectfully submitted,**

*Robert Asa Gordon* 7/28/08

Robert Asa Gordon, Pro Se )
DC Presidential Elector, )
Chair, DC Statehood Green Party Electoral College Task Force )
Exe.Dir. Douglass Institute of Government )
1667 Webster St. NE )
Washington, DC 20057 )
(202) 635-7926 )
)
**Plaintiff** )

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Asa Gordon, Pro Se<br>DC Presidential Elector,<br>Chair, DC Statehood Green Party Electoral College Task Force<br>Exe.Dir. Dou-glass Institute of Government<br>1667 Webster St. NE<br>Washington, DC 20057<br>(202) 635-7926<br><br>Plaintiff<br><br>VS.<br><br>Richard B. Cheney,<br>President of the Senate of the United States of America<br>The Vice President<br>The White House<br>Washington, DC 20501<br>(202) 456-1414<br>(202) 456-2461<br><br>**Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## LOCAL RULE 65.1

This is to certify that on the 29th day of January 2008 Copies (Not Served) of the Complaint / Motion and supporting memorandum in the above captioned matter was provided to the Defendant and the U.S. Attorney by facsimile (202)456-2461, (202)307-3569 and to the U.S. Attorney General by attached pdf file (map2008b.pdf) via e-mail: AskDOJ@usdoj.gov; vice_president@whitehouse.gov ; dc.outreach@usdoj.gov (all parties).

*[signature]* 7/30/08
Robert Asa Gordon_Pro Se
1667 Webster St. N.E.
Washington, D.C. 20017
(202) 635-7926