## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT ASA GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1294 (TPJ) |
| v. | ) | ECF |
| | ) | |
| RICHARD B. CHENEY, | ) | |
| President of the Senate of the United States | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S TEMPORARY RESTARING ORDER AND MOTION TO DISMISS

Pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, Defendant Richard B. Cheney, President of the Senate of the United States, respectfully moves to dismiss this action. The grounds for this motion are set forth more fully in the attached memorandum of points and authorities in support hereof. A proposed order consistent with this motion is attached hereto.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_/s/_____
MEGAN M. WEIS
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT ASA GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1294 (TPJ) |
| v. | ) | ECF |
| | ) | |
| RICHARD B. CHENEY, | ) | |
| President of the Senate of the United States | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO PLAINTIFF'S TEMPORARY RESTARRING ORDER AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendant Richard B. Cheney, President of the Senate of the United States, by and through his undersigned counsel, respectfully submits this motion to dismiss this action brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"), and the United States Constitution.  In the action, Plaintiff seeks a temporary restraining order ("TRO") to prohibit Defendant from counting the "full slate of unbounded presidential electors on January 6, 2009." See Plaintiff's Motion for Temporary Restraining Order at 3.  Plaintiff's motion is barred by res judicata.  Defendant notes that Plaintiff filed a motion for a temporary restraining order on this same issue before the Court in 2005, Civil Action No. 05-00006 (HHK).  The Court denied Plaintiff's motion sua sponte stating, "upon consideration of plaintiff's application, it is apparent from the face that plaintiff has not, and cannot, meet the rigorous requirements for obtaining such an extraordinary remedy." Civ. Action No. 05-00006 (HHK) Dkt. No. 4.  Further, Plaintiff can establish neither irreparable harm nor likelihood of success on the merits.  Therefore, Plaintiff's TRO must be denied.

Further, Defendant submits that Plaintiff's Complaint should be dismissed because Plaintiff lacks standing to bring this action.

## FACTUAL BACKGROUND

Plaintiff, Robert Asa Gordon, Director and Founder of the Douglass Institute of Government, and Lawrence Douglass Jamison, Associate of the Douglass Institute for Government, brought this action on his own behalf seeking a temporary restraining order and a preliminary injunction under F.R.C.P. 65. Specifically, Plaintiffs seeks an order prohibiting Defendant from counting the "full slate of unbounded presidential electors on January 6, 2009. See Plaintiff's Motion for Temporary Restraining Order at 8. Plaintiff alleges that Presidential electors for several states, namely Arkansas, Georgia, Louisiana, Tennessee, and Texas, violated the 1st and 2nd Amendments to the Constitution as well as Section 2 of the 14th Amendment. Id. at 2-3. For the reasons set forth below, Plaintiff's motion is without merit should be dismissed.

## ARGUMENT

**I.    Defendant's Opposition to Plaintiff's Motion for a Temporary Restraining Order**

**A.    Res Judicata Bars Plaintiff's Motion for a Temporary Restraining Order.**

Plaintiff's TRO is barred by res judicata because Plaintiff has already litigated this claim. After the court denied Plaintiff's motion for a temporary restraining order, Plaintiff voluntarily dismissed the case. See Civ. Action No. 05-00006 (HHK) Dkt. No. 9. A plaintiff generally must "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." United States Indus., Inc. v. Blake Constr. Co., 765 F.2d 195, 205 (D.C. Cir. 1985). Under the doctrine of *res judicata*, a plaintiff may not assert claims that were

actually litigated or claims that could have been litigated in a previous action.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  See also I.A.M. National Pension Fund v. Indus. Gear Mfg., 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously.").  Res judicata acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation."  Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

The doctrine of *res judicata* applies where:  (1) the same parties are involved in both suits; (2) the present claim is the same as a claim that was raised or might have been raised in the first proceeding; (3) a judgment was issued in the first action by a court of competent jurisdiction; and (4) the earlier decision was a final judgment on the merits.  See Paley v. Estate of Ogus, 20 F.Supp. 2d 83, 87 (D.D.C.1998).

Here, Plaintiff's 2005 District Court case plainly involved the same parties and  the case involved the same core allegations that Plaintiff is asserting here (i.e., that Defendant should be barred from counting the "full slate of unbounded presidential electors"). The District Court, clearly a court of competent jurisdiction, already denied Plaintiff's earlier TRO application.  Civ. Action No. 05-00006 (HHK) Dkt. No. 4.  Plaintiff then voluntarily dismissed the case. Id. Dkt. No. 9.

In the instant case, Plaintiff has simply updated his motion to address the January 6, 2009 counting of electoral votes, oppose to the January 6, 2005 counting of electoral votes alleged in his prior motion.  See Plaintiff's Motion for Temporary Restraining Order at ¶ 8; Civ. Action No. 05-00006 (HHK) Motion for Temporary Restraining Order (Dkt. No. 3) at ¶ 8. All of the allegations in the current motion are identical to the allegations asserted in the prior motion. See

Plaintiff's Motion for Temporary Restraining Order; Civ. Action No. 05-00006 (HHK) Motion

for Temporary Restraining Order (Dkt. No. 3).  Therefore, the doctrine of *res judicata* prohibits

Plaintiff from asserting his claims in this Court.  See *Siwa v. OPM*, 533 F. Supp.2d 81, 83

(D.D.C. 2008).

**B.      Plaintiff Has Failed To Satisfy the Standards For Issuance of Injunctive Relief**

It is well settled that injunctive relief is an extraordinary remedy, and the party seeking it

has a substantial burden of proof.  American Coastal Line Joint Venture v. United States Lines,

Inc., 580 F. Supp. 932, 935 (D.D.C. 1983); see Sea Containers Ltd. v. Stena AB, 890 F.2d 1205,

1208 (D.C. Cir. 1989); Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n, 259 F.2d

921, 925 (D.C. Cir. 1958).  To be entitled to the extraordinary remedy of injunctive relief,

Plaintiff must meet this strict burden by showing that: (1) there is a substantial likelihood of their

prevailing on the merits of their claims; (2) a preliminary injunction is necessary to prevent

irreparable injury; (3) the threatened injury to the plaintiff outweighs the possible harm to others;

and (4) the public interest favors issuance of the injunction.  Sea Containers, 890 F.2d at 1208;

Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C.

Cir. 1977); Virginia Petroleum, 259 F.2d at 924-25.  These factors "interrelate on a sliding scale

and must be balanced against each other.  'If the arguments for one factor are particularly strong,

an injunction may issue even if the arguments in the other areas are rather weak.'"  Serono

Laboratories, Inc. v. Shalala, 158 F.3d 1313, 1318 (D.C. Cir. 1999), quoting CifiFed Fin. Corp.

v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995).  "The basis for injunctive

relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."

Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir.1985).

Applying this standard in this case plainly reveals that Plaintiff is not entitled to preliminary injunctive relief. Not only has he failed to demonstrate a substantial likelihood of success on the merits, but he has also failed to show the existence of any genuine irreparable harm. Consequently, for the reasons outlined below, Plaintiffs' Motion for Temporary Restraining Order should be denied.

**1.      Plaintiff Cannot Demonstrate Likelihood of Success on the Merits**

Plaintiff will not prevail on the merits of his claim. As stated above, the court, in Plaintiff's prior action in which he sought a TRO for the same issue, against the same Defendant, held that "upon consideration of plaintiff's application, it is apparent from the face that plaintiff has not, and cannot, meet the rigorous requirements for obtaining such an extraordinary remedy." Civ. Action No. 05-00006 (HHK) Dkt. No. 4. There is no evidence to show why the present court would reserve this prior ruling.

**2.      Plaintiff Cannot Establish Irreparable Harm**

Plaintiff has not shown that he will suffer irreparable harm absent injunctive relief. To warrant the extraordinary relief of granting a TRO during the pendency of this lawsuit, Plaintiff must demonstrate that he is being irreparably harmed. Beacon Theatres v. Westover, 359 U.S. 500, 506-07 (1959); see also Rondeau v. Mosinee Paper Corp., 422 U.S. 49 (1975). Plaintiff does not assert any form of actual harm in his TRO, he at most alludes to a violation of the "civil rights of the citizens of the United States." See Plaintiff's Motion for Temporary Restraining Order at 7. To constitute irreparable harm, "the injury must be both certain and great; it must be actual and not theoretical." Wisconsin, , 758 F.2d 669, 674. This allegation clearly does not rise to the level of "actual" harm as required under Wisconsin. Further, the alleged harm is not

certain or even imminent. Plaintiff seeks to stop an activity that by his own admission will not take place until January 6, 2009.

3. **The Government Will Be Harmed by the Preliminary Injunction Sought and Public Policy Favors Proceeding with the Presidential Election**

In contrast to the harm alleged but not substantiated by Plaintiff, the government faces real and substantial harm if the Plaintiffs' TRO is granted. Public policy and the Federal Government benefit by presidential elections moving forward in accordance with the United States Constitution. The Government and the public would be harmed if its citizens' right to vote was interrupted.

II. **Defendant's Points and Authorities in Support of Defendant's Motion to Dismiss**

A. **Plaintiff Lacks Standing.**

As the Supreme Court has emphasized, at an "irreducible minimum," Article III of the Constitution requires the party who invokes the court's authority to show that he or she personally has suffered "some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982) (citation and internal quotation marks omitted). This proposition is rooted squarely in the Supreme Court's conclusion that Article III confines federal courts to adjudicating only "actual cases or controversies." See, e.g., Allen v. Wright, 468 U.S. 737, 750 (1984). Moreover, courts have long recognized that, in addition to the constitutional limitations on standing, courts impose a set of prudential limitations in order to assure that "the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic

appreciation of the consequences of judicial action." Wyoming Outdoor Council v. U.S. Forest Service, 165 F.3d 43, 47 (D.C. Cir. 1999); see also id. ("Even where these constitutional requisites for Article III standing are present, a party may still lack standing under "prudential" principles. . . .Litigants seeking to assert the rights of third parties, proffering grievances unrelated to the "zone of interests" intended to be protected or regulated by a particular statutory or constitutional provision, or seeking adjudication of generalized grievances more appropriately addressed in the representative branches have been found to lack standing on prudential grounds.") (citations omitted); see also American Immigration Lawyers Ass'n v. Reno, 199 F.3d 1352, 1357-58 (D.C. Cir. 2000) ("in this circuit we treat prudential standing as akin to jurisdiction . . . in part because the doctrine serves the institutional obligations of the federal court") (internal quotes and citations omitted). Plaintiff fails to demonstrate the viability of his claims under either of these concepts of standing.

**1. Plaintiff Fails to Establish Article III Standing.**

To establish standing to sue as a constitutional matter, a plaintiff must satisfy three interrelated elements -- first, a plaintiff must demonstrate that he has suffered an "injury in fact," i.e.," an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted). Second, a plaintiff must show "a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant." Id. (citation omitted). Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. (citation omitted); see also American Coalition for Competitive Trade v. Clinton, 128 F.3d 761, 764 (D.C. Cir. 1997); Mudd v.White, No. 01-5103 (D.C. Cir. November 8, 2002).

The burden is always on the party seeking to invoke the jurisdiction of the federal court to demonstrate that standing exists.  Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 103-04 (1988).  In addition, a plaintiff needs to provide not merely generalized allegations of injury, but admissible evidence of the "specific facts" needed to support their claim of standing. Sierra Club v. E.P.A., 292 F.3d 895, 899 (D.C. Cir. 2002).

It is clear from the face of the Plaintiff's Motion for Temporary Injunction that the alleged injury, "voters under the Fourteenth Amendment denied the right 'to vote at any election for the choice of electors for President and Vice-President of the United States'" fails to constitute an injury in fact.  See Plaintiff's Motion for Temporary Restraining Order at 8. Indeed, Plaintiff's claimed injury fails to establish any particularized injury at all.  Moreover, as characterized, the injuries alleged by Plaintiff, would flow from actions by "state officials," and therefore, any injury if it occurred, would be the result of "independent action of [a]third party not before the court."  Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976).  The involvement of other actors in the challenged actions would also preclude a finding that any alleged injuries are redressible.  Cf.  Lujan v. Defenders of Wildlife, 504 U.S. at 571 (rejecting claim as "entirely conjectual" that third party activity would be affected by the agency activity sought by plaintiffs).

Even assuming that Plaintiff has properly pled a legally cognizable injury in fact, which he has, Plaintiff cannot show the requisite causation linking his claimed injury to any conduct of the Defendant, much less to any "putatively illegal conduct of the defendant."  See Valley Forge Christian College, 454 U.S. at 472 (the injury in fact requirement of standing is fulfilled when plaintiffs allege some actual or threatened injury "as a result of the putatively illegal conduct of

the defendant").  In short, Plaintiff has not alleged the required injury, causation, or redressability elements to establish standing.

**2.      Plaintiff Fails to Meet the Prudential Test for Standing.**

Moreover, were this Court to give credence to Plaintiff's claim, resulting in a judicially cognizable injury, that claim of injury presumably would be shared by all citizens.  See Plaintiff's Motion for Temporary Restraining Order at 3.  Courts, however, do not entertain such generalized grievances.  See Allen, 468 U.S. at 751, Warth v. Seldin, 422 U.S. 490, 502-508 (1975); Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974).  Indeed, in Lampkin v. Connor, 239 F. Supp. 757 (D.D.C. 1965), aff'd on other grounds, 360 F.2d 505 (D.C. Cir. 1966), a district court denied standing to the plaintiffs challenging the Department of Commerce census for this reason.  In Lampkin, the plaintiffs sued the Department of Commerce seeking an order that would require the Department, as part of its decennial census, to reapportion electoral votes among the states in manner that would account for the disenfranchisement alleged to exist in particular states as mandated by Section 2 of the Fourteenth Amendment.  These plaintiffs alleged that "unless such reduction is accomplished their votes will be debased and diluted to the extent that they will be of less value than the votes of the voters in the States which deny and abridge the right to vote."  239 F. Supp. at 759.  In finding that the plaintiffs lacked standing, the court held that their

> complaint . . . that their votes are debased and diluted in value is a condition they share in common with citizens of all States where the right to vote is neither abridged or denied. . . . [W]hat the . . . plaintiffs would have this Court do is decide a question and afford a remedy as to which their interest is remote and speculative and shared by millions of others.  They are not personally aggrieved or affected in a legal sense by defendants' refusal to take future action in connection with the 1970 census in the manner these plaintiffs demand.  They lack standing to sue.

Id. at 761; see also Jones v. Bush, 122 F. Supp. 2d 713, 2000 WL 1800567 (N.D. Tex., Dec. 1, 2000) ("Plaintiffs' allegation that a violation of the Twelfth Amendment would infringe their constitutional rights does not of itself establish an injury in fact to them personally.  A general interest in seeing that the government abides by the Constitution is not sufficiently individuated or palpable to constitute such an injury").   Plaintiffs here allege nothing more than a general interest in "prohibiting the  . . . violation of Section 2 of the Fourteenth Amendment."  See Plaintiff's Motion for Temporary Restraining Order at 3.  Plaintiff's interest here, such as it is, is far too abstract to give rise to an injury sufficient to support standing under either Article III or the prudential limitations recognized in Allen.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion for a Temporary Restraining Order and dismiss Plaintiff's Complaint.

Dated: August 18, 2008

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_/s/_____
MEGAN M. WEIS
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August 2008 a true and correct copy of the above

Defendant's Motion to Dismiss was sent via first class U.S. Mail, postage pre-paid to:


Robert Asa Gordon, pro se
1667 Webster Street, N.E.
Washington, D.C.  20017


    __/s/_____
    MEGAN M. WEIS
    Special Assistant United States Attorney
    Civil Division
    555 Fourth Street, NW
    Washington, D.C.  20530

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT ASA GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-1294 (TPJ) |
| v. | ) | ECF |
| | ) | |
| RICHARD B. CHENEY, | ) | |
| President of the Senate of the United States | ) | |
| | ) | |
| Defendant. | ) | |


## [PROPOSED] ORDER

Upon consideration of the Defendant's Motion to Dismiss, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order is DENIED,

**ORDERED** that this civil action should be and is DISMISSED.


It is **SO ORDERED** this _____ day of _____ 2008.


_____
Hon. Henry H. Kennedy
United States District Judge