UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT ASA GORDON<br><br>     Plaintiff,<br><br>   v.<br><br>JOSEPH R. BIDEN, Vice President of the United States,<br><br>     Defendant. | Civil Action 08-01294  (HHK) |

MEMORANDUM OPINION

  Proceeding *pro se*, Robert Gordon ("Gordon") filed this action on July 28, 2008,[1] against Richard Cheney,[2] then the Vice President of the United States ("Vice President"), in his official

---

[1] Gordon purports to bring this action on "*behalf of himself* and *his derivative beneficiary class members* as registered voters and Presidential Electors of states subject to the impact of the diminishment of their vote." Compl. ¶¶ 15-16.  However, he did not file a motion for class certification within 90 days of filing the complaint, as required by Local Civil Rule 23.1(b).  Thus, he is not able to proceed as a representative of a class.  Had Gordon filed a motion for class certification it would have been denied as *pro se* litigants cannot serve as adequate representatives of a class.  *See* 28 U.S.C. § 1654; *e.g., Blue v. Defense Logistics Agency*, 181 Fed. Appx. 272, 275 (3rd Cir. 2006) (holding that "a *pro se* plaintiff . . . cannot adequately represent the interests of other class members."); *Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004) (same); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court's decision that *pro se* plaintiff could not adequately represent a class; "A litigant may bring his own claims to federal court without counsel, but not the claims of others. . . . because the competence of a layman is "clearly too limited to allow him to risk the rights of others.") (*citing Oxendine v. Williams*, 509 F.2d. 1405, 1407 (4th Cir. 1975)); *Martin v. Middendorf*, 420 F. Supp. 779, 780 (D.D.C. 1976) (denying *pro se* plaintiff's motion for class certification due to, *inter alia*, a "built-in disadvantage" of a layman against experienced government counsel); *see also, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (citing cases); *McPherson v. Sch. Dist. No. 186*, 32 Fed. Appx. 769, 770 (7th Cir. 2002) (holding that "a nonlawyer may not proceed pro se on behalf of another.").

[2] Under Federal Rule of Procedure 25(3)(d), Vice President Joseph R. Biden is substituted for former Vice President Richard Cheney.

capacity. In anticipation of the then-upcoming presidential election and the role that the Vice-President would play in the election by presiding over and certifying the official vote count of the U. S. Electoral College, Gordon sought by this action to prevent the Vice-President "from presiding over the tabulation of 'unbound electoral states' who by practice, unsupported by state or federal statute, traditionally award Presidential Electors on a 'winner-take-all basis.'" Compl. ¶ 7.[3]

Before the court is the Vice President's motion to dismiss [#9]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion should be granted.

**I.**

Gordon identifies himself as "Founder and Executive Director of the Douglass Institute of Government, registered voter of the District of Columbia, Presidential Elector, and Chair, DC Statehood Green Party Electoral College Task Force." ¶ 2. He alleges that the state laws of Arkansas, Georgia, Louisiana, Tennessee, and Texas allow their presidential electors to "award all of their unbounded presidential electors by 'winner take all' provisions not based in any state or federal law but predicated on the majority choice of its white citizens." ¶ 10.[4] As a result, "these states have in effect disenfranchised the citizen's [sic] of the state that voted for the presidential electors pledged to the candidate with less then [sic] the popular majority vote," ¶ 8, who Gordon alleges are the states' black citizens, ¶ 10.

---

[3] Unless otherwise specified, "¶" refers to a paragraph of plaintiff's complaint [#1].

[4] For the purpose of this motion to dismiss, the court " must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1975 (2007) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002)).

Gordon contends that "in choosing from the *unbounded electoral states* to represent to congress the 'certificates of vote' under 'winner take all' provisions, wherein there exist no constitutional or state statutory authority allowing only the selective counting of majority polled state electoral votes," the Vice President "will deprive presidential electors of their constitutionally protected rights under the First and Fourteenth Amendments to the U.S. Constitution." ¶ 12.

Gordon seeks declaratory and injunctive relief enjoining the Vice President from "effecting the counting of the full slate of presidential electors," Compl. Prayer for Relief ¶ 1, and performing "any presumptive tabulation of 'winner take all' electors from states that have no 'winner take all' state in the electoral count," *id.* ¶ 3, as well as requiring the Vice President to reduce "the number of State electors and representatives in congress in proportion to the disenfranchised class of U.S. Citizens whose voting rights were *denied and/or abridged* or in the alternative effect proportional apportionment of the counting of the electoral votes in congress" *id.* ¶ 2.

## II.

A party who brings an action in federal court bears the burden of demonstrating that he has standing to do so. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In order to have standing, a plaintiff must show that he suffers "(1) a 'concrete and particularized' 'injury in fact' that is (2) fairly traceable to the defendant's alleged unlawful conduct and that is (3) likely to be redressed by a favorable decision." *Hein v. Freedom From Religion Found., Inc.*, 127 S. Ct. 2553, 2574 (2007) (*quoting Lujan*, 504 U.S. at 560-61 (1992)). The Vice President moves to dismiss Gordon's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) on the grounds that

Gordon does not and cannot bear his burden with respect to any of the elements required for a showing of standing. The Vice President's motion is granted because, assuming that Gordon has sufficiently plead an injury in fact, the alleged injury is not fairly traceable to the Vice President's allegedly unlawful conduct.[5]

Gordon asserts a constitutional interest by virtue of section 2 of the Fourteenth Amendment to protect an interest of his own and of persons similarly situated. His alleged injury-in-fact is the diminishment of the votes of electors and registered voters "by including the full slate of Presidential Electors in the electoral count of January 6th, 2009 from states subject to 2USC§6 [sic]," ¶ 15, and "by the denial and/or abridgement of Presidential Electors that represent their candidate in unbound states wherein there is no state election law that explicitly allocates that states['] electors on a 'winner take all' basis." ¶ 16. The court understands this allegation to mean that his vote as an elector and registered voter, as well as that of all other electors and registered voters, would be diluted by electoral votes from states in which electors vote for whichever candidate wins the popular vote (under so-called "winner take all" laws) rather than voting for candidates in the proportion of votes they win.

The problem for Gordon, among others, is that his claims are predicated on allegations of wrongdoing by third parties. In determining whether a plaintiff has shown the "causation" or

---

[5] Since standing is an indispensable part of the plaintiff's case, it must be supported in the same way as any other matter upon which the plaintiff has the burden of proof, *i.e.*, in the manner and with the degree of evidence required at the successive stages of the litigation. Thus, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561. Here, however, Gordon has plead himself out of court by pleading facts affirmatively showing that he does not have standing.

"traceability" element of the showing required to demonstrate standing, the court "examines whether it is substantially probable that the challenged acts of the defendant, not of some absent third party, will cause the particularized injury of the plaintiff." *Microwave Acquisition Corp. v. FCC*, 145 F.3d 1410, 1412 (D.C. Cir. 1998) (*quoting Florida Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc)).  Here, Gordon alleges that "State Officials" "de facto deny and/or abridge 'citizens of the United States' in the exercise of their 'right to vote . . . for the choice of electors for President and Vice-President of the United States' on the basis of race and/or party affiliation in violation of the 'equal protection' clause of the first section of the Fourteenth Amendment." ¶ 9.  Gordon also contends that by "award[ing] all of their unbounded presidential electors by 'winner take all' provisions not based in any state or federal law but predicated on the majority choice of its white citizens," the five states thereby "de-facto disenfranchise those electors of the state based on the votes of the states['] black citizens." ¶ 10. Because Gordon's alleged injury is not "fairly traceable" to the Vice President's actions, which in fact are purely ministerial, but rather is attributable to the actions of third-party states and state officials, he fails to satisfy the causation element of standing.  Therefore, he is unable to prosecute this action.

**III.**

For the foregoing reasons, the court finds that defendant's motion to dismiss [#9] should be **GRANTED**, and [#3] Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, [#13] Plaintiff's Motion to Present Oral Argument for Summary Judgment, and [#19] Plaintiff's Augmented Motion for Summary Judgment should be **DENIED** as moot. An appropriate order accompanies this memorandum opinion.

                                                                         Henry H. Kennedy, Jr.
                                                                         United States District Judge